USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE DRYWALL TAPERS AND POINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS, and THE DISTRICT COUNCIL NO. 9, DRYWALL TAPERS AND POINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO,

Plaintiffs,

-against-

UNIVERSAL DRYWALL FINISHING, INC.,

Defendants.

1:19-cv-9004 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On April 23, 2020, the Court held a hearing by telephone on Plaintiffs' motion for a default judgment [ECF #10].  The Court noted that Defendant failed to appear, although Plaintiffs had served Defendant with notice of the motion for default judgment and the Court's Order dated March 5, 2020 scheduling a hearing on the motion.  [ECF #15]  Based on the Court's careful review of Plaintiffs' motion and supporting papers, [ECF #10, 12, 12-1, 12-2] and for the reasons stated herein and at the April 23, 2020 hearing, the Court GRANTS Plaintiffs' motion for default judgment as to liability.  However, the Court finds that it is necessary to conduct an inquest on the amount of damages.  Specifically, Plaintiffs must provide a more detailed account of the basis for their calculation of the principal sum of $295,499.41 that Defendant allegedly owes in unpaid contributions to the benefit funds and their requested 5.25% interest rate.

When the Court finds that a defendant is in default, it accepts all of the factual allegations as true, "except those relating to the amount of damages."  *Chen v. Jenna Lan, Inc.*, 30 F. Supp.

2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688, at 58-59 (3d ed. 1998)). The Second Circuit has held that "it is not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks and alteration omitted). But "[i]f the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary." 10A Wright, Miller & Kane § 2688 (4th ed.). The Second Circuit has specifically "approved the holding of an inquest by affidavit." *Chen*, 30 F. Supp. 2d at 624.

Plaintiffs' affidavit in support of their motion for default judgment [ECF #12] cites the Trade Agreement [ECF #12-1] and the ERISA statute, 29 U.S.C. § 1132, as the basis for the unpaid contributions and interest that Plaintiffs seek to recover. But it is not clear from these sources how Plaintiffs compute the principal sum of $295,499.41 and the 5.25% rate of interest they request. Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall file a further affidavit on these particulars of their requested damages. IT IS FURTHER ORDERED that Plaintiffs shall serve that affidavit on Defendant.

Finally, IT IS FURTHER ORDERED that, as required by the Court's Individual Rules of Practice in Civil Cases, Plaintiffs shall file and serve a Proposed Order to Show Cause why final judgment should not be entered with respect to damages.

**SO ORDERED.**

**Date: April 23, 2020**
**New York, NY**

*(signature)*
**MARY KAY VYSKOCIL**
**United States District Judge**